UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JUAN SANDOVAL, M.D.,                           :
                                               :     **MEMORANDUM AND ORDER**
                              Plaintiff,       :     17-CV-3532 (DLI)(RLM)
                                               :
              -against-                        :
                                               :
DEPARTMENT OF HEALTH AND HUMAN                 :
SERVICES,                                      :
                                               :
                              Defendant.       :
------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

Plaintiff Juan Sandoval, M.D. ("Plaintiff") filed the instant action against the Department of Health and Human Services ("Defendant" or "HHS"), seeking a declaratory judgment that Plaintiff was a federal employee acting within the scope of his employment pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a) in order to be indemnified for a lawsuit that had been filed against him. Defendant moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mot."), Dkt. Entry No. 6. Plaintiff opposed Defendant's Motion. *See* Affirm. in Opp. to Mot. to Dismiss ("Pl.'s Opp."), Dkt Entry. No. 7. For the reasons set forth below, Defendant's Motion is granted.

## BACKGROUND

On June 13, 2017, despite his status as an attorney, Plaintiff's attorney filed a *pro se* form complaint seeking a declaratory judgment on Plaintiff's behalf. Compl., Dkt. Entry No. 1. As the Court can best discern from the poorly drafted complaint, Plaintiff has worked at the Brownsville Community Development Center since August 2, 2002. Compl. at Part III. Plaintiff alleges that he was a federal employee of the United States Public Health Service (the "PHS") entitled to

indemnification from lawsuits pursuant to the FTCA, and specifically the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. *Id.* There is a pending medical malpractice lawsuit against Plaintiff in New York State Supreme Court, Kings County that Plaintiff claims arose out of his work as a federal employee on August 7, 2005. *Id.* In that action, a mother claims damages on behalf of her infant plaintiff who sustained cerebral injury during the mother's labor and delivery. *Id.*

Plaintiff alleges that he "made demand upon" HHS for indemnification for any liability arising from the case and treatment provided to the infant "under existing precedent and pursuant to the prior custom and practice existing between Plaintiff and the PHS." *Id.* According to Plaintiff, HHS refused to certify Plaintiff as a federal employee pursuant to the FTCA. *Id.* Plaintiff alleges that he "administratively appealed from that refusal by letter brief on October 25, 2016." *Id.* HHS did not respond to that letter brief. *Id.*

Defendant argues this Court lacks subject matter jurisdiction because: (1) sovereign immunity precludes an FTCA action against HHS; (2) Plaintiff names no tort on which Plaintiff could base an FTCA action; and (3) Plaintiff never administratively exhausted an FTCA claim. *See generally*, Def.'s Mot.

## DISCUSSION

Subject matter jurisdiction is a threshold requirement in any suit. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (holding that a judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void). Rule 12(b)(1) requires that a court dismiss a suit if it lacks subject matter jurisdiction as it "'lack[s] the statutory or constitutional power to adjudicate [the suit].'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When

2

responding to a defendant's 12(b)(1) motion, a plaintiff must establish the existence of subject matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Subject matter jurisdiction "'must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Greene v. Gerber Products Co.*, 262 F. Supp.3d 38, 51-52 (E.D.N.Y. 2017) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd* 561 U.S. 247 (2010)). In deciding a defendant's Rule 12(b)(1) motion, a court "'need not accept as true contested jurisdictional allegations[,] and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings.'" *Kitzen v. Hancock*, 2017 WL 4892173, at *2 (E.D.N.Y. Oct. 27, 2017) (quoting *Williams v. Runyon*, 1997 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999)).

### I.      Sovereign Immunity

Generally, federal courts lack jurisdiction over suits brought against the United States government. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (finding that the United States is immune from suit except as it consents to be sued). "[T]he United States, as a sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). "A plaintiff bears the burden on demonstrating that sovereign immunity has been waived." *Haber v. United States*, 823 F.3d 746, 751 (2d Cir. 2016) (citing *Makarova*, 201 F.3d at 113).

Plaintiff asserts an FTCA claim solely against HHS, a federal agency, not the United States. *See generally,* Compl. The FTCA's waiver of sovereign immunity authorizes lawsuits against the United States, but does not authorize lawsuits against federal agencies. *See Mignogna v. Sair*

3

*Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("The Federal Tort Claims Act would not have conferred such jurisdiction, since an action thereunder must be brought against the United States rather than an agency thereof.") (citing 28 U.S.C. § 2679(a)). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims. *See Parker v. United States*, 2006 WL 3378684 (S.D.N.Y. Nov. 15, 2006) (finding that DEA and DOJ, among other agencies, were "not proper parties" as "[t]he FTCA only authorizes suits against the United States but not against federal agencies") (internal quotation marks and citations omitted); *Barnes v. United States*, 2004 WL 957985, at *2 (E.D.N.Y. Apr. 12, 2004), *aff'd*, 204 F. App'x 918 (2d Cir. 2006) (dismissing FTCA claims against federal agencies and a federal official acting in his official capacity).

However, even if the Court substitutes the United States for HHS for the purposes of this analysis, *see, e.g., Newton v. Bureau of Prisons*, 2011 WL 1636259 (E.D.N.Y. Apr. 28, 2011), the claims against the United States must be dismissed for the reasons discussed below.

## II. <u>Tort Cause of Action</u>

The FTCA "constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (internal quotations and citation omitted). "Under the FTCA, a private citizen may sue for injuries caused by 'the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)). The FTCA's "waiver of sovereign immunity under the FTCA is strictly limited to suits predicated upon a tort cause of action cognizable under state law and brought in

4

accordance with the provisions of the FTCA." *Kuhner v. Montauk Post Office*, 2013 WL 1343653 (E.D.N.Y. Apr. 4, 2013) (alterations, quotations, and citations omitted).

Plaintiff has not alleged a tort claim pursuant to the FTCA. *See generally,* Pl.'s Opp. Instead, Plaintiff seeks declaratory relief from this Court in an attempt to appeal from a finding by HHS. *Id.* Because the relief available under the FTCA is strictly limited to tort causes of action cognizable under state law, the Court must dismiss Plaintiff's request for declaratory relief for lack of subject matter jurisdiction.

### III. Administrative Exhaustion of an FTCA Claim

The United States' waiver of sovereign immunity under the FTCA requires that an administrative claim be filed with and adjudicated by the appropriate federal agency within two years of the accrual of the cause of action, before a lawsuit may be filed. 28 U.S.C. § 2401(b). When a plaintiff fails to exhaust his or her administrative remedies prior to filing a suit under the FTCA, the United States does not waive its sovereign immunity. 28 U.S.C. § 2675(a). The FTCA's administrative exhaustion requirement is jurisdictional and cannot be waived. *Gay v. Terrell*, 2013 WL 5437045, at *9-10 (E.D.N.Y. Sept. 27, 2013) (citing *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005)) ("A claim of failure to exhaust administrative remedies under the FTCA is thus properly raised under FRCP 12(b)(1)."); *See also Celestine*, 403 F.3d at 82 ("This requirement is jurisdictional and cannot be waived.").

If sovereign immunity is not waived, a court does not have subject matter jurisdiction over the FTCA claim. *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (emphasis omitted) (quoting 28 U.S.C. § 2675(a)) ("[T]he FTCA provides . . . that '[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .'").

Here, Plaintiff merely alleges that he sent a letter to HHS regarding his alleged demand for indemnification from HHS. Plaintiff did not file an administrative tort claim with HHS. *See* Declaration of Meredith Torres, Dkt. Entry No. 6-2, at ¶ 4 (noting that Plaintiff had not filed an administrative claim with HHS in connection with the allegations set forth in this case). Therefore, the United States did not waive its sovereign immunity, and this Court lacks subject matter jurisdiction over Plaintiff's claims. *Millares Guiraldes de Tineo*, 137 F.3d at 719-20 (affirming dismissal where no plaintiff failed to file an administrative claim).

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the Complaint is granted and this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2018

                                                                        /s/
                                              DORA L. IRIZARRY
                                                  Chief Judge